UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE Z. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2241-JMB |
| ) | |
| UNKNOWN NAMED CEO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Clarence Z. Howard, an inmate at Missouri Eastern Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $14.03. *See* 28 U.S.C. § 1915(b)(1). For the reasons explained below, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $70.16. The Court will therefore assess an initial partial filing fee of $14.03, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff filed his civil rights complaint pursuant to 42 U.S.C. § 1983 against the following defendants: Unknown named Director of Nursing at Fulton Reception Diagnostic Center ("FRDC"); Syed K. Inman, M.D. (Corizon); Unknown Wiggins, M.D (Corizon); Unknown named Director of Nursing at Northeast Correctional Center ("NECC"); Unknown Gupta, M.D. (NECC); Unknown Reddy, M.D. (NECC); Unknown named Director of Nursing (Farmington Correctional Center ("FCC")); Unknown Srinivasaraghavan, M.D. (FCC); Ann Precythe (Director, Missouri Department of Corrections ("MoDOC")); Alana Boyles (Director of Adult Institutions, MoDOC); Cindy Griffith (Deputy Division Director, MoDOC); Scott O'Kelly (Director of Mental Health, MoDOC); Unknown named CEO of Corizon Health Services, LLC; Unknown named Corizon Board of Directors; and Unknown named Medical Director, Supervisor of Corizon. Plaintiff names all defendants in both their individual and official capacities.

Plaintiff alleges his Eighth Amendment rights were violated when defendants prescribed him risperidone without disclosing its alleged side effect of increasing a patient's risk of developing gynecomastia, which is defined as an enlargement or swelling of breast tissue in males.

Plaintiff states that he was prescribed risperidone in October 2014 to treat his bipolar disorder. He was transferred to Missouri Eastern Correctional Center at some point, where he was informed on March 13, 2018 that risperidone increased his risk of developing gynecomastia. At this time, he began to become increasingly worried that he might develop gynecomastia, "which ultimately resulted in full out anxiety." Plaintiff states that on December 31, 2018, he began having severe anxiety attacks "as a result of the stress and worry from having been put directly at risk of taking a medication which potentially caused gynecomastia by defendants."

For relief, plaintiff seeks actual damages of $2.5 million "because [he] suffer[s] from mental/psychological injury this will be a lifelong effect on me." He also seeks $40 million in punitive damages.

## Discussion

The PLRA provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).

Plaintiff has not alleged that he suffered any physical injury as a result of taking risperidone. He does not allege that he suffers gynecomastia—only that he is anxious that he is at a higher risk of developing gynecomastia.[1] He seeks damages only for this anxiety.

---

[1] Also, plaintiff has not alleged that he discontinued taking risperidone after learning of its alleged side effect of an increased risk in developing gynecomastia.

-4-

Because plaintiff's complaint seeks damages only for mental or emotional suffering, it does not meet the PLRA's physical injury requirement, and will be dismissed. *See McAdoo*, 899 F.3d at 525; *see, e.g., Marcum v. Tallant*, No. 4:19-CV-4106, 2019 WL 4396144, *4 (W.D. Ark. Sept. 13, 2019) (finding no physical injury under PLRA where prisoner alleged "as a result of standing in ankle deep water for hours he was scared he was going to drown, and he was put 'at risk of catching any kind of diseases'"); *Huffman v. Lacey*, No. 4:19-CV-4086, 2019 WL 4280324, *3 (W.D. Ark. Sept. 10, 2019) (finding no physical injury were prisoner alleged he has bad dreams); *Upchurch v. Tillman*, No. 4:19-CV-223-JCH, 2019 WL 2357373, *2 (E.D. Mo. Jun. 4, 2019) (finding the PLRA bars recovery for plaintiff's mental anguish); *Kincade v. Holder*, No. 1:18-CV-285-CDP, 2019 WL 541020, *2 (E.D. Mo. Feb. 11, 2019) (same).

For this reason, having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted against defendants. The Court will therefore dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this memorandum and order, plaintiff must pay an initial filing fee of $14.03. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel is **DENIED** as moot. [ECF No. 2]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will accompany this memorandum and order.

Dated this 26th day of September, 2019.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE