# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE Z. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2241-JMB |
| ) | |
| UNKNOWN NAMED CEO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on plaintiff's post-dismissal motion for leave to file an amended complaint. For the following reasons, plaintiff's motion will be denied.

On September 26, 2019, the Court dismissed plaintiff's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e). *See* ECF Nos. 7 and 8. The Court found plaintiff's claims were barred by the PLRA because he did not allege any physical injury. *Id.* In his motion to amend the complaint, plaintiff states in full: "Come now Clarence Z. Howard hereby requests this court to grant this motion to amend my original complaint under above cause number."

Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010).

Plaintiff has not attached a proposed amended complaint to his motion for leave. Nor has he explained how he would correct the deficiencies in the original complaint. The Court will therefore deny his post-dismissal motion for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion for leave to file an amended complaint is **DENIED.** [ECF No. 10]

Dated this 16th day of October, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE