| | |
|---|---|
| CLARENCE Z. HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2241-JMB |
| | ) |
| UNKNOWN NAMED CEO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff Clarence Z. Howard's filing of an amended complaint.[1] For the following reasons, the Court will dismiss plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] On September 26, 2019, the Court granted plaintiff leave to proceed in forma pauperis, but dismissed his complaint on initial review under 28 U.S.C. § 1915(e)(2)(B). *See* ECF Nos. 7 and 8. Plaintiff filed a post-dismissal motion for leave to amend the complaint, which the Court granted. On February 20, 2020, the Court docketed plaintiff's amended complaint. The Court will now conduct an initial review of plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff, an inmate at Missouri Eastern Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 alleging that employees of Corizon Health Services ("Corizon") and the Missouri Department of Corrections ("MDOC") violated his Eighth Amendment rights by prescribing risperidone without warning him of the potential side effect of developing gynecomastia, defined as an enlargement or swelling of breast tissue in men.[2] Plaintiff names fifteen defendants, many of whom are identified only by their positions, specifically: the CEO of Corizon, the Board of Directors of Corizon, the Medical Director of Corizon, and the Directors of

---

[2] Risperidone is the generic name for the drug; it is also sold under the brand name Risperdal.

Nursing at Fulton Reception and Diagnostic Center ("FRDC"), Northeast Correctional Center ("NECC"), and Farmington Correctional Center ("FCC"). He also names as defendants individual doctors practicing at MDOC: Dr. Syed K. Iman (FRDC); Dr. Wiggins (FRDC); Dr. Gupta (NECC); Dr. Reddy (NECC); and Dr. Srinivasaraghavan (FCC). Finally, he names the following MDOC officials: Anne Precythe, Director; Alana Boyles, Director of Adult Institutions; Cindy Griffith, Deputy Division Director; and Scott O'Kelly, Director of Mental Health. He sues all defendants in their individual and official capacities.

Plaintiff states that in October 2014, Corizon doctors began prescribing him risperidone to treat his bipolar disorder. Plaintiff alleges that he signed an informed consent for mental health treatment on December 16, 2014, but the document did not include any information about gynecomastia. Starting in March 2015, plaintiff noticed that his chest looked abnormal and he had begun to develop breast tissue. Other inmates noticed plaintiff's breast tissue and ridiculed him in the shower. This caused plaintiff to develop depression.

Plaintiff alleges that in April 2015, while housed at NECC, he submitted a medical services request to talk to a doctor about his abnormal breast tissue. Plaintiff states he was seen by Dr. Gupta, but the doctor "did not inform plaintiff of gynecomastia." Plaintiff did not learn of gynecomastia, or its alleged association with risperidone, until he was transferred to Missouri Eastern Correctional Center on March 13, 2018. He stopped taking risperidone at this time.

Plaintiff states that he currently suffers from gynecomastia. He also suffers from "mental, psychological, and emotional [harm] which will require a lot of therapy." For relief, plaintiff seeks $2.5 million in actual damages and $40 million in punitive damages.

**Discussion**

*(1)    Medical Defendants*

Plaintiff alleges the medical defendants violated his Eighth Amendment rights against cruel and unusual punishment by not informing him of the risk of gynecomastia associated with risperidone.    To violate the Eighth Amendment's proscription against cruel and unusual punishment, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant knew of but deliberately disregarded that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).    A serious medical condition is one that has been diagnosed by a physician as needing treatment or is so obvious that even a lay person would perceive the need for a doctor's attention.  For purposes of initial review, the Court will assume plaintiff's gynecomastia meets the criteria for an objectively serious medical need.

In his complaint, plaintiff alleges the risk of developing gynecomastia was "known or should have been known" to defendants.  Plaintiff does not allege that any defendant actually knew of the risk.  This is fatal to plaintiff's claim. *See id.*  Defendants could not have exercised deliberate indifference by failing to inform plaintiff of the risk of developing gynecomastia if they did not know of the alleged link between risperidone and gynecomastia. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 366 (7th Cir. 2013) (affirming dismissal of prisoner's action where prisoner did not allege risks of developing side effects from medication were substantial, "let alone that the defendants knew them to be significant").  Additionally, plaintiff alleges that defendants were "negligent" for their failure to notify him of the risk, and that he was damaged as a result of these "careless acts."    Allegations of mere negligence or carelessness in medical treatment are insufficient to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even if the Court were to assume that plaintiff's prescribing doctors knew of the risk of developing gynecomastia, however, the defendants' failure to inform plaintiff of this side effect is insufficient to state an Eighth Amendment claim for deliberate indifference. The Eighth Circuit has found such a claim not cognizable under § 1983. *Love v. Oglesby*, 2 F. App'x 678, 679-80 (8th Cir. 2001) (per curiam). In *Love v. Oglesby*, an Arkansas state inmate alleged his doctor was liable for Eighth Amendment violations when he failed to warn the inmate of the risk of eye damage from Prolixin, an anti-psychotic drug the doctor had prescribed. The district court granted judgment on the pleadings to the doctor. Reviewing the dismissal of plaintiff's claims *de novo*, the Eighth Circuit agreed with the district court, concluding "that Dr. Oglesby's alleged failure to warn Love of potential eye damage from Prolixin essentially involved questioning the doctor's professional judgment and thus is not cognizable under section 1983." *Id.*

Other circuits agree with the Eighth Circuit that failure to warn of potential side effects of a medication does not constitute deliberate indifference. *See e.g.*, *Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (per curiam) (agreeing with district court that doctor's failure to inform prisoner of gynecomastia as a potential side effect of risperidone insufficient to demonstrate deliberate indifference); *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (per curiam) (finding failure to inform plaintiff of side effects of Prednisone "amounts to nothing more than negligence" and insufficient to state Eighth Amendment claim); *see also Williams v. Kelly*, No. 1:15-CV-8135 (N.D. Ill. Apr. 23, 2018) (granting summary judgment to prison doctor on plaintiff's claims that doctor was deliberately indifferent to plaintiff's serious medical needs by failing to warn plaintiff that gynecomastia was a possible side effect of Risperdal), *aff'd*, 777 F. App'x 162 (7th Cir. 2019); *McAleese v. Owens*, 770 F. Supp. 255, 259-63 (M.D. Penn. 1991) (granting summary judgment to prison doctor on § 1983 claims that plaintiff was prescribed

Isoniazid for tuberculosis-related problems and developed vision problems as a side effect of medication). Therefore, assuming plaintiff's doctors knew of the risk of gynecomastia and failed to inform plaintiff, this is not enough to state an Eighth Amendment claim for deliberate indifference to a serious medical need.

For these reasons, the Court will dismiss on initial review plaintiff's Eighth Amendment claims against the following medical personnel: Director of Nursing (FRDC), Dr. Syed K. Iman, Dr. Wiggins, Director of Nursing (NECC), Dr. Gupta, Dr. Reddy, Director of Nursing (FCC), and Dr. Srinivasaraghaven.

### (2)    MDOC Defendants

Plaintiff alleges officials at MDOC also violated his Eighth Amendment rights to be free of cruel and unusual punishment. Plaintiff does not allege, however, that these officials personally participated in plaintiff's medical care and treatment. None of the named MDOC officials are medical professionals. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

For these reasons, the Court will dismiss plaintiff's claims against the following MDOC officials: Ann Precythe, Alana Boyles, Cindy Griffith, and Scott O'Kelly.

### (3)    Corporate Defendants

Finally, plaintiff alleges the following unnamed defendants violated his Eighth Amendment rights: the CEO of Corizon, Corizon's Board of Directors, and Corizon's Medical Director. Again, plaintiff has made no allegation that these defendants were personally involved in his medical care and treatment. *See supra.* Moreover, to state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint against defendants will be **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _____ day of March, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

-7-